THE MAYOR AND ALDERMEN OF JERSEY CITY, RESPOND-ENT, v. HERBERT A. THORPE, APPELLANT.

Argued March 15, 1917—Decided June 18, 1917.

Writs of error do not run directly to this court from the order of a justice of the Supreme Court reviewing the summary convic-tions of criminal courts in municipalities.

On appeal from the Supreme Court.

For the appellant, *Frank W. Heilenday.*

For the respondent, *John Bentley.*

The opinion of the court was delivered by

GARRISON, J. The appellant was convicted by the First Criminal Court of Jersey City of a violation of the provisions of section 4 of an ordinance entitled "An ordinance concern-ing the littering of the streets with refuse matter," in that the said appellant did distribute hand circulars upon Summit avenue, in said city.

Having been thus convicted, the appellant made applica-tion to the justice holding the circuit of the Supreme Court in Hudson county for the purpose of having his said convic-tion set aside, if found to be illegal, as provided by the act establishing criminal courts in municipalities in counties of the first class.

The said justice having heard said appeal, "under the statute in such case made and provided," ordered that the conviction of the said appellant be affirmed. This order the appellant seeks to bring before this court by an appeal.

It is too plain for argument that such an appeal is without legal foundation, not only for the reason that an appeal has not been substituted for a writ of error in the review of the judgments of courts of criminal jurisdiction, but for the more substantial reason that a writ of error does not run directly to this court from the orders or judgments of a legislative agency such as the justice of the Supreme Court is under the provisions of the statute under which the proceedings below were had.

*Certiorari* is the proper remedy; the constitutionality of the statutory review by a legislative agency is sustainable solely upon the ground that orders or judgments so made may be supervised by the Supreme Court upon *certiorari*. *Newark v. Kazinski*, 86 *N. J. L.* 59.

The present appeal, therefore, brings nothing before this court and must consequently be dismissed.

It may be well to point out to counsel for the appellant that he has no right to argue in an appellate court constitutional questions based upon a stipulation entered into for the purposes of such appeal, and raising for the first time in the appellate tribunal questions that were not raised in the court below. *N. J. Dig. (Appeal and Error)*, § 91 *et seq.; State v. Shupe*, 88 *N. J. L.* 610.